# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

**VS.**                                                                                        **CR. NO. 15-20093-SHL**

**AARON HOPE,**

    Defendant.

## POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS

COMES NOW, the defendant, Aaron Hope, by and through his counsel, Jocelyn V. Henderson, and submits his position with respect to the sentencing factors pursuant to §6A1.2 of the United States Sentencing Commission Guidelines Manual. Mr. Hope and counsel have reviewed the presentence report together.

### THE SENTENCING HEARING

Pursuant to the Local Rules, this is to notify the Court that the defendant will not call witnesses at his sentencing hearing, and the hearing should not last any longer than one hour.

### OBJECTIONS TO THE PRESENTENCE REPORT

A.    FACTUAL OBJECTIONS

Defense counsel and Mr. Hope have objections to the facts contained in the Presentence Report (PSR) at paragraph 25. Mr. Hope submits that he did not direct Ms. Corlette, but admits texting back and forth while Ms. Corlette was in the District.

B.      ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

Mr. Hope objects to the enhancement for obstruction of justice. Mr. Hope submits that statements between Mr. Hope and Ms. Corlette occurred, but that the statements between the parties do not meet the threshold for obstruction of justice.

In *U.S. v. Johns*, the enhancement for obstruction of justice was granted because the defendant had threatened the witness. 1998 U.S. App. LEXIS 3952. In a bond revocation hearing, there was evidence presented which included phone calls of the defendant threatening the witness. *Id.* at 14. The court, paraphrasing a statement made to the witness saying, "you'll pay for screwing me and my father," was sufficient evidence. *Id.* at 15.

In this case, Mr. Hope did not make any threatening or intimidating statements to Ms. Corlette. Therefore, the statements made between the parties do not rise to the level to qualify for enhancement for obstruction of justice.

C.      GUIDELINE CALCULATION OBJECTIONS

Mr. Hope objects to the four (4) point specific characteristic enhancement contained at paragraph 24 pursuant to 2B1.1(b)(1)(c). Mr. Hope submits that the loss amount should, at the maximum, be the amounts actually reported as a loss by United States Postal Service as contained in the PSR at paragraph 26, i.e., $2,000. Mr. Hope submits that he was not actually in the District with Ms. Corlette. He did not actually receive or possess any of the funds received from the post offices.

Mr. Hope objects to the two (2) point enhancement at paragraph 36 of the PSR pursuant to USSG §3B1.1(c). Mr. Hope submits that he was not a leader or organizer of this conspiracy for which he has pleaded guilty. Application Note 4 to USSG §3B1.1 states:

"In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should

consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.  There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.   This adjustment does not apply to a defendant who merely suggests committing the offense.

Here, Mr. Hope did not have control of Ms. Corlette.  As previously stated, they did exchange text messages and phone calls.  There is not clear identifier as to which of these parties is actually the leader.  If anyone would be the leader, it would Mr. Corlette, as she is the person who committed all the over acts involved in the conspiracy.  Paragraphs 8-20 are about the actions of Ms. Corlette.  Only paragraphs 21-25 involve the limited actions of Mr. Hope.

Mr. Hope should be considered for a mitigating role under USSG §3B1.2.  The activities of Mr. Hope included sending text messages and making phones calls.  That limited amount of culpability qualifies for a mitigating role, that can either be decreased by 4 levels, in part (a), or 2 levels, in part (b).  Again, neither did Mr. Hope travel to Tennessee with Ms. Corlette, nor, did he go to any individual post offices.

In *U.S. v. Miller*, the Court determined that the defendant, Byrnes, received the proper enhancement, because she had many of the discussions took place her home, she recruited people for participation, and kept lists of who would testify…at trial.161 F.3d 977, 984 (6th Cir. 1998).  In this case, there is no evidence that Mr. Hope was in charge of any aspects of the actions of Ms. Corlette.

## DEPORTABILITY

If Mr. Hope is sentenced to more than one year, he may be subject to deportation due to his previous convictions for crimes of moral turpitude.  Mr. Hope has been in the United States since he was 8 years old.  He is originally from Trinidad.  Many of his family members,

3

including his mother, have become citizens. If Mr. Hope were subject to deportation, he would be sent back to place where he has not lived since he was a young child.

WHEREFORE, PREMISES CONSIDERED, the defendant, Mr. Hope, submits that the properly calculated guidelines are an adjusted offense level of 4, if he were granted a two (2) point reduction for a mitigating role, with a criminal history category of V, with a guideline range of 4-10 months.

Respectfully submitted,

s/ Jocelyn V. Henderson
JOCELYN V.HENDERSON (#22497)
Attorney for Defendant
200 Jefferson Ave., Suite 1500
Memphis, Tennessee 38103
(901) 522-0119

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served upon Assistant United States Attorney, Michelle Kimbril-Parks, Assistant United States Attorney, via electronic delivery this the 15th day of March, 2016.

s/ Jocelyn V. Henderson
JOCELYN V. HENDERSON
